IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **ENJONAE' K. BAKER** <br> 2100 Stratford Avenue <br> Neptune, NJ 07753 <br><br> **Plaintiff** <br><br> v. <br><br> **BALTIMORE POLICE DEPARTMENT** <br> C/O Baltimore Police Department <br> 242 W. 29th Street <br> Baltimore, MD 21211 <br><br> And <br><br> **COMMISSIONER ANTHONY BATTS** <br> C/O Baltimore Police Department <br> 242 W. 29th Street <br> Baltimore, MD 21211 <br><br> **Defendants** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Case No: <br><br><br> JURY TRIAL DEMAND |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, EnjoNae' K. Baker (hereinafter, "Plaintiff"), by her attorney, Robert L. Smith, Jr., Esq., sues the Baltimore Police Department (hereinafter "Defendant BPD"), and former Police Commissioner Anthony Batts (hereinafter "Defendant Batts"). In support thereof, Plaintiff states as follows:

**INTRODUCTION**

1. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 ("Title VII")  for the Defendants' unlawful discrimination

1

based upon Plaintiff's sex (female) and retaliation against the Plaintiff for her statutorily protected activity.

## JURISDICTION AND VENUE

2. The United States District Court for the District of Maryland has subject matter jurisdiction over this action pursuant 28 U.S.C § 1331 as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*, to redress and enjoin the employment practices of Defendants.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

4. This Court is the proper venue as all acts complained of are the result of actions and employment practices of Defendant BPD, which operates in Baltimore, Maryland.

5. Additionally, venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. §§ 1391(b) and (e) because a substantial part of the wrongful conduct complained of herein occurred in this District. Defendants transact substantial business and maintain employment records related to this action in this District.

## EXHAUSTION OF REMEDIES

6. Plaintiff has exhausted all of her administrative remedies.

7. Plaintiff timely filed discrimination complaint no.: 531-2015-00210 with the Baltimore Community Relations Commission on October 14, 2014 alleging discrimination based upon sex (female) and retaliation.

8. A Right-to-Sue letter was mailed to the Plaintiff on Thursday, August 13, 2020 and received by the Plaintiff on Monday, August 17, 2020.

9. Accordingly, Plaintiff timely files this action in accordance with the Notice of Rights, which provided Plaintiff the right to file this Complaint within 90 days of her receipt of said Notice.

## NATURE OF THE ACTION

10. Plaintiff brings this action to secure protection of rights granted under statutes mentioned above, to redress deprivation of rights, and to obtain such other and further relief as is necessary to redress the injury to Plaintiff resulting from the Defendants' violations of those statutes.

11. Plaintiff's damages are significant, including, but not limited to, the loss of reputation, career advantage, emotional tranquility and denial of her constitutional and statutory rights.

12. This action seeks declaratory and injunctive relief, as well as compensatory damages, both to secure future protection and to redress the past deprivation of rights guaranteed to the Plaintiff.

## PARTIES

13. Plaintiff is an African-American female who began her employment with the Defendant BPD on or about October 12, 2012 as a Police Officer Trainee. Plaintiff is a citizen of the United States, and at all times relevant to this Complaint, was a resident of Baltimore County, Maryland. Plaintiff currently resides in the State of New Jersey. She was terminated from the BPD in July 2014 after she reported that she had been sexually assaulted by a male police officer.

14. Defendant BPD is a municipal police department whose jurisdiction encompasses Baltimore City, Maryland. At all times relevant to this action, Defendant BPD condoned,

ratified, authorized and/or engaged in the discriminatory and wrongful acts described in this Complaint through its agents and/or employees.

15. Defendant Anthony Batts (hereinafter, "Defendant Batts"), was at all times relevant to this complaint the Police Commissioner of the Baltimore Police Department ("BPD"), an employee of the City of Baltimore and the principal administrator of the BPD. At all times relevant to this Complaint, Defendant Batts was responsible for the institution and application of the BPD's employment policies, including its internal investigatory and disciplinary processes. At all relevant times, Defendant Batts was responsible for establishing and enforcing the policies and practices of the BPD and its employees. Defendant Batts was also responsible for the hiring, training, and supervision and control over those same employees. He was also responsible for ensuring that the actions of the BPD and its employees did not deprive any individual of the rights secured by the Constitution and laws of the United States as well as the constitution and laws of the State of Maryland and the City of Baltimore. At all relevant times, Defendant Batts was the final authority in all disciplinary matters and was responsible for the actions of employees of the BPD.

## FACTS COMMON TO ALL COUNTS

16. After Plaintiff was hired by Defendant BPD in October 2012, she was assigned to the Education and Training Division where she attended the police academy, Class 12-05.

17. The class commander/advisor for Class 12-05 was a veteran police officer named Antoine Williams (hereinafter, "Officer Williams"). Upon information and belief, Officer Williams was a physical training instructor at the academy.

18. Plaintiff successfully completed all BPD academy requirements, and on or about August

4

9, 2013, she graduated from the academy with average grades above 90%.

19. Upon her graduation, she was assigned to the Central District, Patrol Division, Sector 3, midnight shift. There, she performed her duties in a competent manner and was never the subject of any adverse disciplinary action. Her supervisor at the Central District was Sergeant Antoine Davis (hereinafter, "Sgt. Davis").

20. After graduating from the academy through June 14, 2014, Plaintiff would occasionally encounter Officer Williams while she worked-out at the BPD gym facility.

21. While at the gym, Plaintiff and Officer Williams would engage in cordial conversations about physical fitness.

22. During the week of June 12, 2014, Officer Williams invited Plaintiff to be a guest at a business presentation. Upon information and belief, the presentation was a recruitment effort for participants interested in sales of utility and cable TV services. The business event was scheduled to take place on June 12, 2014 @ 6:00 p.m. on the second floor of the Epic Lounge, 2711 East Fayette Street in Baltimore City.

23. Plaintiff attended the presentation. It lasted approximately 75 to 90 minutes, including a question and answer ("Q&A") period and solicitation for investment funds.

24. At the end of the presentation, Officer Williams invited Plaintiff and several other attendees to have drinks at the bar on the first floor.

25. Plaintiff, two other female attendees (known to Plaintiff as, "Felicia" and "Ursula")and at least one male attendee (known to Plaintiff as "Jonathan") accepted the invitation to drink at the bar.

26. Officer Williams and Plaintiff ordered apple martinis. After Plaintiff sipped a small amount of her drink, she began to feel sick, dizzy and extremely disoriented. She

experienced severe nausea and stomach pain. At that point, she suspected that her drink may have been spiked with a foreign substance.

27. Plaintiff then went into the restroom. Upon information and belief, the first floor of the establishment was equipped with only one restroom, and it was a unisex bathroom.

28. After entering the restroom, Plaintiff vomited and sat on the toilet. Her BPD issued service weapon was secured in her purse, which she had brought into the restroom with her.

29. A short time later, Officer Williams burst into the restroom and stood directly in front of her while she sat on the toilet with her undergarments down. She continued to feel extremely ill and was struggling to get up.

30. At that point, Officer Williams told Plaintiff to get off the toilet and he threatened to "put [his] dick in [her] mouth" if she didn't get off the toilet. He then stated, "your panties are sexy," and he intentionally touched her genital area.

31. Moments later, Officer Williams lifted Plaintiff from the toilet, pulled her panties up, then hoisted her onto his shoulder and hurriedly carried her out of the establishment to Jonathan's vehicle which was parked a several yards from the front of the establishment. Officer Williams and/or Jonathan then retrieved Plaintiff's purse with her BPD issued service weapon still inside.

32. Several minutes later, several uniformed Southeastern District police officers arrived at the establishment apparently in response to a call for police service. Upon information and belief, police were called to investigate a disturbance that had occurred inside the establishment while Plaintiff was in the restroom. Upon information and belief, Jonathan and Officer Williams were somehow involved in the disturbance.

33. The uniformed officers asked Plaintiff for her identification, which she provided. They later transported Plaintiff and Officer Williams to the Southeastern police station where they were interviewed.

34. While at the station, Plaintiff was still suffering from illness. She was escorted to the restroom where she spoke privately to Police Officer Danielle Lewis, a female police officer with whom Plaintiff was acquainted. Plaintiff told Officer Lewis that she had been sexually assaulted by Officer Williams.

35. Plaintiff later reported to her immediate supervisor, Sgt. Davis, that Officer Williams had sexually assaulted her. Upon information and belief, Sgt. Davis then reported the assault to his commanding officers, and further investigation ensued.

36. More specifically, Plaintiff provided formal statements to Detective Nathan Roles of the Criminal Investigation Division – Sex Offense Unit and two detectives assigned to the Internal Affairs Division. Upon information and belief, the interview with Detective Roles was videotaped.

37. Approximately three weeks later, on July 7, 2014, Plaintiff was abruptly terminated from her employment at the BPD for unsatisfactory performance.

38. Upon information and belief, Officer Williams was not terminated, nor was he ever disciplined or prosecuted for sexually assaulting the Plaintiff. Upon information and belief, Officer Williams received no (or minimal) administrative disciplinary action for his involvement in the disturbance at the Epic Lounge.

39. In fact, after Defendants terminated Plaintiff's employment, she never was contacted again by Defendants or their agents and employees regarding any administrative action or criminal prosecution against Officer Williams.

40. Upon information and belief, Officer Williams remains employed by Defendant BPD.

41. Defendants have engaged in a long standing pattern or practice against African-American female police officers, like Plaintiff, on the basis of sex by: a) subjecting female officers to severe and pervasive sexually derogatory remarks and actions; b) commencing unwarranted and unfounded investigatory/disciplinary proceedings against female officers; c) imposing overly severe disciplinary penalties; d) attacking the credibility of persons who oppose discriminatory practices; e) engaging in retaliatory actions against female police officers who complained about, or otherwise opposed, sexually hostile acts or other misconduct by male police officers; and f) maintaining centralized policies and procedures that disparately treat female officers differently from male officers.

## COUNT ONE

## VIOLATION OF TITLE VII – SEX DISCRIMINATION (GENDER)

42. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

43. Plaintiff is a member of a protected class.

44. Defendants treated Plaintiff less favorably than similarly situated male employees.

45. Because of her sex, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint under Title VII.

46. Defendants' unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment.

47. Defendants knew that Plaintiff was a female prior to the the actions described in this Complaint and was aware, or should have been aware, of the discrimination Plaintiff was subjected to because of her sex.

48. Plaintiff has been treated differently and subjected to different terms and conditions of her employment because of her sex.

49. Male employees who were similarly situated have been treated more favorably than Plaintiff in the terms and conditions of employment.

50. Plaintiff's sex was both a motivating and determining factor in Defendants' unlawful conduct toward Plaintiff.

51. The reasons proffered by Defendants for their unlawful conduct are pretextual, and Defendants cannot offer any legitimate reason for their unlawful conduct.

52. Defendants' conduct was intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her sex.

53. Defendants discriminated against Plaintiff because of her sex by engaging in, tolerating or failing to prevent sex discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

54. Defendants are directly liable for the discriminatory acts and/or omissions of their agents, servants and employees while acting within the course and scope of employment.

55. As a direct and proximate cause of Defendants' conduct, Plaintiff suffered and continues to suffer harm, injury and monetary damages, including, but not limited to past and future loss of income, benefits, career opportunities, expenses and costs. Plaintiff is entitled to all available legal and equitable remedies.

56. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

57. Plaintiff has incurred lost wages, loss of reputation now and into the future, and all of the other losses stated with Plaintiff not contributing in any way thereto.

## COUNT II

## VIOLATION OF TITLE VII – RETALIATION

58. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

59. Soon after complaining, Plaintiff was subjected to the unlawful conduct and adverse actions alleged in this Complaint in violation of Title VII.

60. Defendants subjected Plaintiff to the aforementioned adverse actions because of her opposition to the unlawful and discriminatory employment practices of Defendants in violation of Title VII.

61. Defendants, including Plaintiff's supervisors, knew of Plaintiff's engagement in protected activity prior to terminating her employment and engaging in the other aforementioned adverse actions.

62. The adverse retaliatory actions to which Plaintiff has been subjected are a direct result of Plaintiff having engaged in statutorily protected activity.

63. Plaintiff's prior protected activity was both a determining and motivating factor in Defendants' unlawful conduct toward Plaintiff.

64. Similarly situated employees were not subjected to the same, similar or any adverse treatment.

65. The reasons proffered by Defendants for their unlawful conduct are pretextual, and Defendants cannot offer any legitimate reason for their unlawful conduct.

66. Defendants' conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment.

67. Defendants' retaliatory conduct was intentional, deliberate, willful, malicious,

reckless and in callous disregard of the rights of Plaintiff because of her opposition to Defendants' discriminatory conduct.

68. Defendants are directly liable for the discriminatory and retaliatory acts and/or omissions of their agents, servants and employees while acting within the course and scope of employment.

69. As a direct and proximate cause of Defendants' conduct, Plaintiff suffered and continues to suffer harm, injury and monetary damages, including, but not limited to past and future loss of income, benefits, career opportunities, expenses and costs. Plaintiff is entitled to all available legal and equitable remedies.

70. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

71. . Plaintiff has incurred lost wages, loss of reputation now and into the future, and all of the other losses stated with Plaintiff not contributing in any way thereto.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, EnjoNae' K. Baker, respectfully prays that this Honorable Court grant her the following relief:

    A.    Enter a declaratory judgment finding that the foregoing actions of Defendants violated Title VII;

    B.    Enter a permanent injunction directing Defendants to take all necessary steps to remedy the effects of the illegal, discriminatory and retaliatory conduct described herein;

    C.    Award back pay and compensatory damages in amounts to be determined by the jury that would fully compensate Plaintiff for the economic loss, loss of

promotional potential, reputation, lost wages, lost job benefits, physical and psychological injury, humiliation, embarrassment and mentaland emotional distress caused by the conduct described herein;

    D.      Award Plaintiff reasonable attorney's fees; and

    E.      For such other and further relief as the nature of her cause may require.

Respectfully submitted,

/s/_____
Robert Smith, Jr., Esquire
Fed. Bar No. 024468
2317 Saint Paul Street
Baltimore, MD 21202
(410) 244-1222
rlsmithesq@verizon.net

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of this case.

/s/_____
Robert Smith, Jr., Esquire