IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ENJONAE' K. BAKER | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-3308 |
| BALTIMORE POLICE DEPARTMENT, *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff EnjoNae' K. Baker ("Baker" or "Plaintiff") brings this two-count employment discrimination case against Defendants Baltimore Police Department ("BPD") and former Baltimore Police Department Commissioner Anthony Batts ("Batts") (collectively, "Defendants"), seeking monetary and injunctive relief for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Presently pending is Defendants' Motion to Dismiss for Failure to State a Claim. (ECF No. 13.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Defendants' Motion to Dismiss (ECF No. 13) is GRANTED and this case is DSIMISSED WITH PREJUDICE.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia*

*Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff EnjoNae' K. Baker is an African-American woman who began her employment with the Baltimore Police Department as a Police Officer Trainee on or about October 12, 2012. (ECF No. 1 ¶ 13.) Defendant Baltimore Police Department is a municipal police department whose jurisdiction encompasses Baltimore City, Maryland. (*Id.* ¶ 14.) Defendant Anthony Batts was at all times relevant to Plaintiff's Complaint the Commissioner of the Baltimore Police Department. (*Id.* ¶ 15.)

After Baker was hired by BPD in October 2012, she was assigned to the Education and Training Division where she attended the police academy. (Id. ¶ 16.) Her class commander and advisor was a "veteran police officer" named Antoine Williams. (*Id.* ¶ 17.) Baker successfully completed all BPD academy requirements, and on or about August 9, 2013, she graduated with grades above 90%. (*Id.* ¶ 18.) Upon her graduation, Baker was assigned to the Central District, Patrol Division. Her supervisor at the Central District was Sergeant Antoine Davis. (*Id.* ¶ 19.)

Following her graduation from the BPD police academy, Baker and Officer Williams would occasionally encounter one another at the BPD gym facility and would engage in conversation. (*Id.* ¶¶ 20-21.) During the week of June 12, 2014, Officer Williams invited Baker to be a guest at a business presentation regarding sales of utility and cable television services. (*Id.* ¶ 22.) The presentation took place on June 12, 2014 at the Epic Lounge in Baltimore, Maryland. After the presentation, Officer Williams invited Baker and other attendees to have drinks at the bar on the first floor of the lounge. (*Id.* ¶¶ 24-25.) Baker and

Officer Williams ordered apple martinis. (*Id.* ¶ 26.) Shortly after sipping a small amount of her drink, Baker began to feel sick and disoriented. She suspected that her drink may have been spiked with a foreign substance. (*Id.* ¶ 26.)

Baker then went to the restroom, where she vomited and sat on the toilet. (*Id.* ¶¶ 27-28.) Her BPD-issued service weapon was located in purse, which she had with her in the restroom. (*Id.* ¶ 28.) A short time later, Officer Williams burst into the restroom and stood in front of Baker while she sat on the toilet with her undergarments pulled down. (*Id.* ¶ 29.) Officer Williams told Baker to get off the toilet, made sexual advances towards her, and eventually "intentionally touched her genital area." (*Id.* ¶ 30.) Moments later, Officer Williams lifted Baker from the toilet and carried her out of the lounge to another attendee's car. Officer Williams or the other attendee went back to the restroom to retrieve Baker's purse, which still contained her service weapon. (*Id.* ¶ 31.)

Baltimore Police Department officers from the Southeastern District arrived at the lounge in response to a call about a disturbance in which Officer Williams and the other attendee had been involved. (*Id.* ¶ 32.) The officers took Baker and Officer Williams to the Southeastern police station for questioning. (*Id.* ¶ 33.) At the station, Baker told Officer Danielle Lewis, with whom she had been acquainted, that Officer Williams had sexually assaulted her. (*Id.* ¶ 34.) She later reported the incident to her direct supervisor, Sergeant Davis. (*Id.* ¶ 35.) Baker also provided formal statements to officers from the Sex Offense Unit and the Internal Affairs Division. (*Id.* ¶ 36.)

Approximately three weeks later, on July 7, 2014, Baker was terminated from her employment at BPD for unsatisfactory performance. (*Id.*¶ 37.) Officer Williams was not

terminated or disciplined. (*Id.* ¶ 38.) On October 14, 2014, Baker filed a Charge of

Discrimination with the Baltimore Community Relations Commission and the Equal

Employment Opportunity Commission ("EEOC") alleging sex discrimination and

retaliation. (*Id.* ¶ 7; ECF No. 13-2 at 3.) Finding no illegal action on the part of BPD, the

EEOC issued Baker a Right to Sue letter on August 13, 2020. (ECF No. 1 ¶ 8.) On

November 15, 2020, Baker filed suit in this Court.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain

a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the

dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R.

Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and

not to resolve contests surrounding the facts, the merits of a claim, or the applicability of

defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts

sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the

plausibility standard, a complaint must contain "more than labels and conclusions" or a

"formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see*

*Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not

include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

555). A complaint must, however, set forth "enough factual matter (taken as true) to

suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

While ruling on motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L. Ed. 2d 179 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Accordingly, in ruling on Defendants' Motion to Dismiss, this Court will consider

Plaintiff's EEOC Charge.[1] *See Stennis v. Bowie State Univ.*, 236 F. Supp. 3d 903, 907 n. 1 (D.

Md. 2017) (explaining that "the EEOC charge and its related documents are integral to the

Complaint"); *Bowie v. Univ. of Md. Med. Sys.*, No. ELH-14-03216, 2015 U.S. Dist. LEXIS

42433, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider

EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading,

even if the EEOC charge is not filed with the Complaint." (citations omitted)).

## ANALYSIS

As an initial matter, Plaintiff's claims against Defendant Batts are subject to dismissal.

The United States Court of Appeals for the Fourth Circuit has long rejected individual

liability under federal employment discrimination laws. *See Birkbeck v. Marvel Lighting Corp.,* 30

F.3d 507 (4th Cir. 1994); *see also Russell v. Russel Motor Cars, Inc.*, 28 F. Supp. 3d 414, 419 (D.

Md. 2014). Accordingly, all claims against Defendant Batts are DISMISSED WITH

PREJUDICE.

Defendant BPD argues that Plaintiff's Complaint should be dismissed because she

has failed to allege the elements of both a sex-based disparate treatment claim and retaliation

claim under Title VII. Title VII forbids an employer to "fail or refuse to hire or to discharge

any individual, or otherwise to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's

race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2 (a)(1). Absent direct

---

[1] Defendants have attached Plaintiff's Charge of Discrimination to their Motion to Dismiss. (ECF No. 13-2.)
Plaintiff has not challenged the document's authenticity.

evidence of discrimination, a plaintiff's Title VII discrimination claim must establish a *prima facie* case by showing "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *see also Bomar v. Mayor of Balt.*, Civil Action No. RDB-11-0507, 2011 U.S. Dist. LEXIS 124309, at *16-17 (D. Md. Oct. 27, 2011).

In this case, Plaintiff's Title VII discrimination claim against BPD fails because she has not adequately pled that she was treated differently from similarly situated employees outside of her protected class. To be similarly situated, an employee must have "engaged in the same conduct without . . . mitigating circumstances that would distinguish [his] conduct or the employer's treatment of [him] for it." *Elzey v. Wal-Mart Assocs.*, Civil Action No. RDB-11-2151, 2012 U.S. Dist. LEXIS 122158, at *18 (D. Md. Aug. 28, 2012) (internal citations omitted). Although the Fourth Circuit has stated that "the comparison [between offenses] will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same sets of circumstances," *Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993), "the similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful." *Lightner v. City of Wilmington*, 545 F.3d 260, 265 (4th Cir. 2008). Plaintiff claims that she was discriminated against on the basis of her sex because while she was terminated, Officer Williams was not. Plaintiff and Officer Williams, however, are not similarly situated. Plaintiff concedes that she was "a probationary employee who was not yet eligible for the protections afforded under the [Law Enforcement Officers' Bill of Rights]" and pleads that Officer

7

Williams was "a veteran police officer." (ECF No. 18 at 7; ECF No. 1 ¶ 17.) The two are thus not similarly situated. *See, e.g.*, *Yeboah-Kankam v. Prince William Cty. Sch. Bd.*, No. 1:17-cv-549 (LMB/JFA), 2017 U.S. Dist. LEXIS 213491, at *28 (E.D. Va. Dec. 29, 2017) (Brinkema, J.) (finding that probationary employees and continuing contract employees are not similarly situated).

Furthermore, Baker cannot impute the actions of Officer Williams upon the Baltimore Police Department. Accepting her allegations as true for purposes of the subject Motion, she has acknowledged that the BPD investigated her allegations. There is simply no allegation that the BPD was negligent in controlling the prior conduct of Williams as a police officer. *See Johnson v. Azar*, PWG-19-1859, 2020 WL 6544831, at *4-5 (D. Md. Nov. 6, 2020). Accordingly, Plaintiff's Title VII discrimination claim against BPD is DISMISSED WITH PREJUDICE.

Plaintiff's Title VII retaliation claim against BPD likewise fails. Title VII also prohibits employers from "discriminat[ing] against any of [their] employees . . . because [the employees] ha[ve] opposed any practice made an unlawful employment practice by [Title VII], or because [the employees] ha[ve] . . . participated in any manner in an investigation" under Title VII. 42 U.S.C.A. § 2000e-3(a). *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). "To succeed on a Title VII retaliation claim, a plaintiff must show that (1) she engaged in protected activity, (2) the employer took adverse action against [her], and (3) a causal relationship existed between the protected activity and the adverse employment activity." *Young v. Giant Food Stores, LLC*, 108 F. Supp. 3d 301, 314 (D. Md. 2015) (internal citations omitted). In this case, even if the misconduct of Officer Williams at a social event

unrelated to Plaintiff's employment could be considered "workplace harassment," Baker was not engaged in protected activity as the investigation immediately took place as a result of her complaints. The decision of the Baltimore Police Department to terminate her was based upon her own misconduct with respect to her firearm. Plaintiff offers only conclusory statements to support the notion that BPD has a practice of "engaging in retaliatory actions against female police officers who complain about, or otherwise oppose[], sexually hostile acts." (ECF No. 1 ¶ 41.)

Furthermore, Plaintiff has waived any challenge to BPD's argument in favor of the dismissal of her retaliation claim because she has failed to respond to the argument in her Opposition. *See Muhammad v. Maryland*, Civil Action No. ELH-11-3761, 2012 U.S. Dist. LEXIS 38225, at *9 n.3 (D. Md. Mar. 20, 2012) ("Judges in this district have held that, by failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim.") (collecting cases). Accordingly, Plaintiff's Title VII retaliation claim against BPD is DISMISSED WITH PREJUDICE.

## CONCLUSION

Quite simply, even when viewing the Complaint in the light most favorable to Baker, her claims fail as a matter of law. It is undisputed that she was a probationary officer at the time of the incident with Officer Williams, and the two were not "similarly situated." It is undisputed that Baker was intoxicated and had lost her firearm on the date in question. The alleged misconduct of Officer Williams cannot be imputed to the Baltimore Police Department, which took immediate steps to address the incident. She has stated no plausible claim for gender discrimination and retaliation in violation of Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e, *et seq.* Accordingly, for the reasons stated above, Defendants'

Motion to Dismiss for Failure to State a Claim (ECF No. 13) is GRANTED, and this case is

DISMISSED WITH PREJUDICE.[2]

A separate Order follows.

Dated: January 27, 2022

_____/s/_____

Richard D. Bennett
United States District Judge

---

[2] "The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013). Dismissal with prejudice is appropriate here as (1) Plaintiff's claims against Defendant Batts fail as a matter of law; (2) Plaintiff has waived any right to challenge the dismissal of her retaliation claim against BPD by failing to respond to BPD's arguments; and (3) this Court has determined that "the allegation of other facts consistent" with Plaintiff's Complaint "could not possibly cure the deficiency" of her sex discrimination claim against BPD. *Erbe v. Campbell*, Civil Action No. GLR-20-3266, 2021 U.S. Dist. LEXIS 89821, at *15 (D. Md. May 11, 2021) (citing *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006)).